**HILLOAK REALTY COMPANY**

v.

**Loren L. CHUMLEY, Commissioner of Revenue for the State of Tennessee.**

Court of Appeals of Tennessee, Eastern Section, at Knoxville.

Sept. 19, 2006 Session.

March 29, 2007.

Permission to Appeal Denied by Supreme Court Aug. 13, 2007.

Paul G. Summers, Attorney General and Reporter, and Joe C. Peel, Senior Counsel, Nashville, Tennessee, for the appellant, Loren L. Chumley, Commissioner of Revenue for the State of Tennessee.

Steven E. Schmidt and Rebecca B. Murray, Knoxville, Tennessee, for the appellee, Hilloak Realty Company.

## OPINION

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HERSCHEL P. FRANKS. P.J., and SHARON G. LEE, J., joined.

Hilloak Realty Company, a Tennessee limited partnership, was organized in 1984. Promptly following its organization, the company purchased an apartment complex in Oak Ridge. The purchase was financed by a loan secured by a mortgage on the property. Over the years, Hilloak took deductions on its yearly federal income tax return representing depreciation of the improvements on the property. These deductions resulted in a corresponding reduction in Hilloak's basis in the property for federal income tax purposes. Prior to 1999, limited partnerships in Tennessee were not subject to the Tennessee Franchise and Excise Tax; hence, Hilloak's depreciation on its federal returns was of no benefit to the company as far as a tax liability to the State of Tennessee is concerned. This changed in 1999 when, by legislative enactment, Tennessee limited partnerships became subject to the Tennessee tax. When, in 2003, Hilloak found it necessary to transfer title to the property to the mortgage holder in return for cancellation of the underlying indebtedness, the Commissioner of Revenue for the State of Tennessee assessed Hilloak for excise taxes on the "sale" based upon the company's "federal" depreciated basis in the property. The trial court, in response to a complaint filed by Hilloak against the Commissioner, held, on the issue of Hilloak's liability for excise taxes predicated upon the transfer to the mortgage holder, that T.C.A. § 67-4-2006(b)(2)(C) permitted Hilloak to increase its depreciated basis in the property by the amount of the pre–1999 depreciation deductions taken pursuant to federal law for which no Tennessee benefit accrued to Hilloak. The court's ruling resulted in no excise taxes being due. The Commissioner appeals. The issue on appeal is whether Hilloak is required to utilize its "federal" basis in the property in determining if it is obligated to pay state excise taxes as a result of the "sale" of the property. We hold that Hilloak's basis for excise tax purposes is different from its "federal" basis. Accordingly, we affirm.

I.

The underlying facts in this tax case are not in dispute and the parties agree that summary judgment is appropriate. Needless to say, they disagree as to which of them is entitled to that judgment.

Following its formation in 1984, Hilloak purchased The Garden Apartments ("the property"), an apartment complex in Oak Ridge. The purchase price was $10,050,146, with $865,275 of the total being allocated to the land, $429,800 being allocated to tangible personal property, and the remaining $8,755,071 being allocated to the improvements on the land. After purchasing the property, Hilloak began taking depreciation deductions on its federal income tax returns as permitted under the federal tax code. The depreciation deductions resulted in a reduction of Hilloak's taxable income and resulted in a

corresponding reduction in the company's cost basis under the federal tax code. Prior to 1999, the depreciation deductions taken by Hilloak amounted to $6,524,612.

Before 1999, limited partnerships in Tennessee were not subject to the state's franchise and excise tax. This changed in 1999, when the General Assembly enacted the Excise Tax Law of 1999 ("the Act"), currently codified at T.C.A. § 67–4–2001(2006), *et seq.* The Act was a part of the Tax Revision and Reform Act of 1999. With the advent of the Act, state excise taxes were assessed on the net income of Tennessee limited partnerships. The state excise tax is assessed at 6½% of net earnings. *See* T.C.A. § 67–4–2007(a)(2006). Depreciation deductions taken by Hilloak after the effective date of the Act amounted to approximately $348,135. These deductions were taken into account when determining Hilloak's federal income tax as well as its liability for Tennessee excise taxes and are not at issue in this appeal. Rather, the issue on this appeal involves the depreciation deductions and corresponding reduction in the cost basis of the property that took place before the effective date of the Act.

According to Hilloak, the rental market in Oak Ridge began to "wane" in the late 1990s and early 2000s. As a result, Hilloak became delinquent in its mortgage payments on the property. In 2003, the mortgage holder began foreclosure. Hilloak entered into a "deed-in-lieu-of-foreclosure" transaction with the lender. This transaction stopped the foreclosure proceedings. Hilloak conveyed all of its interest in the property to the mortgage holder. In return, the mortgage holder cancelled the debt. Hilloak received no monetary compensation in this transaction, except for reimbursement of some expenses that were of an insignificant amount.

Even though Hilloak did not receive monetary consideration as a part of the deed-in-lieu-of-foreclosure transaction, it nevertheless did have taxable income for federal income tax purposes arising from the transaction. The reason for this is that Hilloak was required to report as gross income the amount of debt that was cancelled by the mortgage holder. After certain allocations and loss carry-forwards were taken into account, the amount of the cancelled debt totaled $5,796,206. Thus, for federal income tax purposes, Hilloak had gross income in this amount as a result of the subject transaction. Its depreciated cost basis was $1,882,234. The cost basis reflects the depreciation deductions of $6,524,612 taken prior to the effective date of the Act, as well as the $348,135 in depreciation deductions taken after the Act became effective. After deducting the depreciated cost basis of $1,882,234 from the gross income of $5,796,206, Hilloak had net income, for federal income tax purposes, of $3,913,882 resulting from the deed-in-lieu-of-foreclosure transaction. In short, Hilloak had taxable income for federal income tax purposes because its cost basis in the property had been reduced by the amount of the depreciation deductions it had taken on its federal returns over the years. However, as previously mentioned, Hilloak, over the years, had received a corresponding benefit from those depreciation deductions on the federal side because its taxable income had been decreased by virtue of these deductions.

Pursuant to the Act, the basis of Hilloak's excise tax liability is tied to the information reflected on its federal income tax returns. This is where the problem arises. Relying on the net income for federal income tax purposes, the Commissioner assessed Hilloak's Tennessee excise tax liability for 2003 at $145,555.00, not including any penalties or interest for late payment.

Frank M. Addicks, CPA, who is Hilloak's accountant, stated the following by way of his affidavit:

> The entire excise tax liability of Hilloak shown to exist on … the 2003 Excise Tax Return … other than penalties and interest based on nonpayment of such excise tax liability, is based on the recapture of depreciation deductions Hilloak took under federal laws for the years prior to the effectiveness of the Tennessee Excise Tax Law of 1999 (the "Depreciation Deductions").
>
> Hilloak took no deductions against its Tennessee excise tax liability for any of the Depreciation Deductions.
>
> The Depreciation Deductions reduced Hilloak's tax basis for federal income tax purposes by the amount of such Depreciation Deductions.
>
> The Depreciation Deductions were never taken as deductions for Tennessee excise tax purposes and, therefore, the Depreciation Deductions did not reduce Hilloak's tax basis for Tennessee excise tax purposes.
>
> Hilloak has received no benefit on any Tennessee excise tax return I ever filed on its behalf for any of the Depreciation Deductions.

(Paragraph numbering in the original omitted)

When Hilloak filed its 2003 Tennessee excise tax return, it did so under protest. Along with the excise tax return, Hilloak submitted a letter to the Tennessee Department of Revenue stating, in part, as follows:

> Enclosed with this letter is the 2003 tax year excise tax return for Hilloak Realty Company. **THIS EXCISE TAX RETURN IS BEING SUBMITTED UNDER PROTEST.** The reason for the return of Hilloak being filed under protest is that the Tennessee Excise Tax Law of 1999 is unconstitutional under the circumstances which relate to this case as: (i) a deprivation of property without compensation or due process of law; (ii) a denial of equal protection; and (iii) a retrospective law.....
>
> The way this statute is written, Hilloak is required to list as income all of the depreciation recapture it experienced in connection with the loss of its Oak Ridge apartment complex in a deed in lieu of foreclosure transaction. This depreciation recapture income results from depreciation taken on Hilloak's federal tax returns for years prior to 1999. It is understandable and constitutionally permissible for the federal government to treat this depreciation recapture as income because Hilloak was able to take advantage of depreciation deductions on all of its federal tax returns filed for those applicable pre–1999 years.
>
> Tennessee, however, prohibits Hilloak from carrying forward its depreciation tax losses for years prior to 1999. As a result, what is happening now is that Tennessee is seeking to obtain a substantial revenue windfall by taxing Hilloak on depreciation expense recapture reflected on its federal income tax filing even though Tennessee prohibited Hilloak from ever receiving the benefit of those deductions for Tennessee excise tax payment purposes.... It is the position of Hilloak that requiring it to pay Tennessee excise tax on depreciation which it was never permitted to deduct for Tennessee excise tax purposes in unconstitutional....

(Bold print and capitalization in original).

The Commissioner obviously was unimpressed with Hilloak's position. On May 1, 2004, the Department of Revenue issued a notice of outstanding excise tax liability to Hilloak. After adding penalties and interest, and deducting payments and

credits, the Department of Revenue determined that Hilloak owed a total of $155,786.92, with interest accruing at the rate of 8.25%. The notice contained the following statement:

## TAXPAYER'S RIGHTS UNDER

### T.C.A. §§ 67–1–1801 and 67–1–1802

\* \* \*

If you wish to contest this assessment without making payment, you have 90 days to file suit in chancery court, either in Davidson County, Tennessee, or the Tennessee county of your domicile or principal place of business. Interest will continue to accrue at the prevailing rate until payment is received. . . .

(Bold print and capitalization in original). Within 90 days of receiving the above notice, on July 22, 2004, Hilloak filed the present lawsuit seeking a judicial determination that it

should be relieved of any liability assessed in connection with the NOTICE attached . . . hereto because of the unconstitutionality of the Excise Tax Law of 1999. In the alternative, Hilloak should be permitted to amend its 2003 Excise Tax Return by order of the court to increase its Tennessee excise tax basis by the amount of depreciation it is being taxed on but which it is prohibited from using to offset its excise tax liability. . . .

The Commissioner responded to the complaint and denied that the Act was unconstitutional or that Hilloak was entitled to amend its 2003 excise tax return to increase its cost basis in the subject property. The Commissioner also filed a counterclaim seeking a judgment against Hilloak in the amount of $155,786.92, plus statutory interest.

Both parties filed a motion for summary judgment. Following a hearing, the trial court issued a thorough and well-reasoned memorandum opinion. After discussing the undisputed facts, the court stated, in part, as follows:

Tennessee excise tax law requires the taxpayer to pay an excise tax equal to 6½ % of the net earnings. At T.C.A. § 67–4–2006(a)(1), "net earnings" is defined as federal taxable income before the operating loss deduction and special deductions provided in 26 U.S.C. §§ 241–247 and "as adjusted by subsections (b) and (c) of this section".

T.C.A. § 67–4–2006(b)(2) provides as follows:

(2) There shall be subtracted from the net earnings and losses:

(C) A portion of the gain or loss of the sale or other disposition of property having a higher basis for Tennessee excise tax purposes than federal income tax purposes measured by the difference in the Tennessee basis and the federal basis;

It is [plaintiff Hilloak's] position that a taxpayer can have a different Tennessee excise tax basis than its federal income tax basis by virtue of the aforementioned statute. . . .

Hilloak reasoned that between its inception in 1984 and when it became subject to the Tennessee franchise and excise tax in 2000, it received no benefit in relation to the Tennessee excise tax liabilities for those deductions taken for federal income tax purposes. Plaintiff argues that it is the Commissioner's position that even though Tennessee lost no excise tax revenue by reason of these depreciation deductions in the prior years Hilloak should have the same excise tax basis as its federal income tax basis and tax should be payable on the "recaptured depreciation deductions". Thus forms the basis for plaintiff's argu-

ment that this amounts to a retroactive tax.

The effect of the depreciation deductions taken against federal income tax liabilities was to reduce the basis in the property so that when it was disposed of in 2003 the amount of depreciation taken in the years 1984–1999 is, in effect, "recaptured" by resulting in a greater gain. Plaintiff argues that the state now attempts to tax this gain and realize excise taxes, which the limited partnership was not required to pay from 1984–1999.

In its brief, and at oral argument on the motion, the Attorney General took the position that basis is irrelevant for purposes of determining Tennessee excise tax liability. The Commissioner, through counsel, argued that net earnings for excise tax purposes is based solely on each taxpayer's taxable income reported for federal tax purposes. Additionally, the Commissioner contends that T.C.A. § 67–4–[2006](b)(2)(C) is applicable only in certain instances where the legislature decoupled the net earnings tax base for excise tax purposes from the federal taxable income.

Thus, the defendant says *S. Central Bell Tel. Co. v. Celauro,* 754 S.W.2d 605 (Tenn.1988), upon which plaintiff relies to argue that it is entitled to adjust its net earnings tax base in 2003, is restricted to those particular circumstances.

\* \* \*

As noted above, defendant argues that the basis in this property is irrelevant in determining the tax liability. However, Hilloak received no money in this transaction. It was merely relieved of the obligation under the mortgage. The property was clearly disposed of and simply stated, the benefit which Hilloak received would be the difference between the basis in the property and the amount of the mortgage. That differ-

ence is calculated by subtracting the federal tax basis in the property from the amount of the mortgage attributable to the buildings and improvements. The state then calculates the excise tax liability on this "gain". To argue that basis is irrelevant ignores the realities of the situation. . . .

(Underlining in original).

The trial court then concluded that T.C.A. § 67–4–2006(b)(2)(C) was not limited to situations where there was a legislatively-mandated "decoupling" of the "net earnings tax basis for excise tax purposes from federal taxable income," as argued by the Commissioner. The trial court also found that T.C.A. § 67–4–2006(b)(2)(C) was applicable and Hilloak was entitled to amend its 2003 excise tax return to reflect the higher basis for the purpose of determining whether it was obligated for excise taxes for the year 2003. Finding a statutory basis for its ruling, the court did not find it necessary to reach Hilloak's constitutional challenges.

The trial court entered a final judgment which incorporated the findings in the court's memorandum opinion. The court granted Hilloak's motion for summary judgment and held that, with the increased basis in the property, Hilloak did not owe the state any excise taxes for 2003. The trial court ordered that the assessment be abated and nullified. The trial court then dismissed the Commissioner's counterclaim. Finally, the court determined that Hilloak was entitled to an award of attorney fees in an amount to be determined after "any appeals in this case." The trial court certified its judgment as a final appealable judgment pursuant to Tenn. R. Civ. P. 54.02. This appeal followed.

II.

The Commissioner contends that Hilloak failed to establish that it was entitled, pur-

suant to T.C.A. § 67–4–2206(b)(2)(C), to adjust its net earnings by increasing its basis in the property. The Commissioner claims that *S. Cent. Bell Tel. Co. v. Celauro,* 754 S.W.2d 605 (Tenn.1988), does not support Hilloak's argument that it can increase its basis in the subject property. Finally, the Commissioner argues that the Act is not unconstitutional.

Hilloak says that the trial court correctly determined that it was entitled to amend its 2003 excise tax return to increase its basis in the property by the amount of the depreciation deductions taken under federal law before Hilloak became subject to the Tennessee excise tax. Alternatively, and in the event this Court were to disagree with Hilloak on the first issue, Hilloak argues that the Act is unconstitutional as a retroactive law. It further argues that the Act, as applied to it, denies it due process and equal protection of the law in violation of the Fourteenth Amendment to the United States Constitution.

## III.

■ As previously mentioned, the parties agree that the material facts are not in dispute and that judgment, in summary fashion, is appropriate. The primary issue involves whether the trial court correctly interpreted T.C.A. § 67–4–2006(b)(2)(C) to permit Hilloak to amend its 2003 excise tax return by adjusting its basis in the property upward in an amount equal to the depreciation deductions taken before the effective date of the Act, thereby reducing its net earnings for excise tax purposes by a corresponding amount. In *In re Estate of Soard,* 173 S.W.3d 22 (Tenn.Ct.App. 2005), this Court observed as follows:

> In *Eastman Chem. Co. v. Johnson,* 151 S.W.3d 503 (Tenn.2004), the Supreme Court recited many of the general principles pertaining to statutory construction:

Issues of statutory construction are questions of law that this Court reviews de novo without any presumption of correctness.

Our duty in construing statutes is to ascertain and give effect to the intention and purpose of the legislature. " 'Legislative intent is to be ascertained whenever possible from the natural and ordinary meaning of the language used, without forced or subtle construction that would limit or extend the meaning of the language.' "

When the statutory language is clear and unambiguous, we must apply its plain meaning in its normal and accepted use, without a forced interpretation that would limit or expand the statute's application. Where an ambiguity exists, we must look to the entire statutory scheme and elsewhere to ascertain the legislative intent and purpose. The statute must be construed in its entirety, and it should be assumed that the legislature used each word purposely and that those words convey some intent and have a meaning and a purpose. The background, purpose, and general circumstances under which words are used in a statute must be considered, and it is improper to take a word or a few words from its context and, with them isolated, attempt to determine their meaning.

*Id.* at 506–07 (citations omitted). In construing legislation, courts must harmonize, if possible, all parts of the legislature's enactment. *See Marsh v. Henderson,* 221 Tenn. 42, 424 S.W.2d 193, 196 (1968) ("A statute should be construed, if practicable, so that its component parts are consistent and reasonable.... Inconsistent phrases are to be harmonized, if possible, so as to reach the legislative intent."). *See also State*

*v. Netto,* 486 S.W.2d 725, 729 (Tenn. 1972).

*Estate of Soard,* 173 S.W.3d at 27–28.

Both parties rely heavily upon the case of *S. Cent. Bell Tel. Co. v. Celauro,* 754 S.W.2d 605 (Tenn.1988). *Celauro* involves the statutory provision at issue in the present case, and involved whether a differential could arise in the basis of property for purposes of the federal income tax versus the state excise tax under the facts of that case.[1] In *Celauro,* the taxpayer was using an accelerated method of depreciation for federal income tax purposes as permitted by the federal Economic Recovery Tax Act of 1981. Tennessee law, as it existed at that time, permitted a taxpayer also to use the accelerated method on its excise tax return, but the taxpayer was required to add back to net earnings 10% of all depreciation used in computing the federal taxable income. *Id.* at 607. The taxpayer claimed that the 10% of the depreciation that had to be added back created a differential in the basis of the property for state versus federal tax purposes. Stated differently, the taxpayer claimed that the basis in the property for state excise tax purposes was increased by the 10% that it was required to add back. *Id.* The Commissioner argued that the statute required the 10% be added back only for purposes of computing net earnings, but the taxpayer's basis in the property remained unchanged, *i.e.,* the basis was the same for state and federal tax purposes. *Id.* The Supreme Court agreed with the taxpayer, stating:

> The taxpayer contends, and the Chancellor found, that the natural and ordinary meaning of the statutory provision is that the taxpayer effectively lost 10 percent of its otherwise allowable depreciation expense by having to add back 10 percent "of all depreciation used in computing federal taxable income." . . .

> It is our opinion that the contention of the taxpayer is the more logical and natural construction of the statute. The add-back provision clearly was designed to provide some compensation to the state for loss of revenue which would otherwise have resulted from the accelerated depreciation system allowed under the federal statutes. It would seem illogical to hold, then, that the provision designed to provide more current revenue to the state at the same time requires the taxpayer to absorb that 10 percent upon disposition of an asset.

> It seems to us that when the taxpayer . . . . was required to add back to its taxable income 10 percent of all depreciation used in computing that income, the taxpayer was not required to charge that 10 percent as depreciation for general accounting purposes. Effectively for state purposes the taxpayer only received 90 percent of the depreciation expense which it otherwise would have been entitled to claim, so that a differential in basis did, in fact, occur as a result of the utilization of this option.

*Id.* at 607–08.

■ We also note that the Court in *Celauro* stated there were a "number of different ways in which a particular asset could have a higher basis for Tennessee excise tax purposes than for federal income tax purposes." *Id.* at 607. We conclude that the present case is a perfect example of one of the "different ways" a taxpayer can have a higher basis in property for purposes of the Tennessee excise tax law versus federal income tax law. We

---

1. The relevant statute was codified at T.C.A. § 67–4–805(2)(D)(1988) when *Celauro* was decided in 1988, and is identical to the current version of T.C.A. § 67–4–2006(b)(2)(C)(2006).

reach this conclusion because when Hilloak was claiming the pre–1999 depreciation deductions and its federal income tax basis in that property was being lowered, at that same time it was receiving a clear benefit from those deductions via a reduction in its ordinary income. If we were to accept the Commissioner's argument in the present case, Hilloak would have to utilize a significantly lower basis in the property, but it would receive absolutely no corresponding benefit, on the state side, from the lowered basis by way of a reduction in its gross income for the pre–1999 years. This result would be patently unfair and highly inequitable to Hilloak. As in *Celauro*, we believe "the contention of the taxpayer is the more logical and natural construction of the statute." *Id.* at 608. The plain language of § T.C.A. 67–4–2006(b)(2)(C) presupposes there will be times when a taxpayer's basis for the Tennessee excise tax law will be higher than that taxpayer's basis under federal law. Contrary to the assertions by the Commissioner in the present case, there is nothing in the statute or the Supreme Court's opinion in *Celauro* that even remotely suggests that the holding in that case is limited to situations where the legislature expressly *mandates* a difference in the state versus federal basis. In fact, as noted, the *Celauro* Court specifically acknowledged there could be a number of different ways in which an asset would have a higher cost basis for Tennessee excise tax purposes than the one applicable for federal income tax. The Court did not state that these differences could only exist in those cases where the legislature had specified that the basis for state purposes would be different from the federal basis.

 The issue of whether the evidence is sufficient to show the amount of the difference in Hilloak's basis in the property for state and federal tax purposes raises a question of fact. *See American Corrections Transport, Inc. v. Johnson*, No. M2002–01509–COA–R3–CV, 2003 WL 22794542, at *12 (Tenn.Ct.App.W.S., November 25, 2003), *no appl. perm. appeal filed.* As in *Johnson*, "[w]e are mindful that a tax assessment made by the Commissioner 'shall be presumed accurate unless records are submitted evidencing otherwise.'" *Id.* (quoting T.C.A. § 67–1–1438(a)(1998)). The burden is on Hilloak to establish by clear and convincing evidence that the tax assessment against it was incorrect. *Id.* (citing *James v. Huddleston*, 795 S.W.2d 661, 663 (Tenn.1990)). We conclude that the undisputed material facts establish that Hilloak has met its burden in this case and that Hilloak has established the difference in its basis for state tax purposes as opposed to federal tax purposes. Accordingly, the trial court correctly determined that Hilloak was entitled to summary judgment and that Hilloak was entitled to amend its 2003 excise tax return based upon the language of T.C.A. § 67–4–2006(b)(2)(c).

The amount of Hilloak's gross income from the sale of the property was $5,796,206. Hilloak's basis in the property for federal income tax purposes was $1,882,234, resulting in net income on the federal side of $3,913,882. The amount of the "difference in the Tennessee basis and the federal basis" is the amount of the pre–1999 depreciation deductions, or $6,524,612. When this amount is taken into consideration, there is no income from the deed-in-lieu-of-foreclosure transaction for purposes of the Tennessee excise tax. The trial court, therefore, correctly determined that the assessment should be abated and nullified. In light of this conclusion, we need not reach the various constitutional issues raised by Hilloak. Accordingly, those issues are pretermitted.

## IV.

The judgment of the trial court is affirmed. This cause is remanded to the trial court for further proceedings consistent with this opinion and for collection of costs assessed there, all pursuant to applicable law. Costs on appeal are assessed to the appellant, Loren L. Chumley, Commissioner of Revenue for the State of Tennessee.